UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL M. KITCHEN,

        Plaintiff,                Case No. 12-cv-12991
                                        HON. BERNARD A. FRIEDMAN
vs.                                       MAG. JUDGE CHARLES E. BINDER

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

      Before the Court are plaintiff's objections to Magistrate Judge Charles E. Binder's March 27, 2013, Report and Recommendation ("R&R") [docket entries 12 and 13].  The Commissioner did not file a response.  Magistrate Judge Binder recommended that the Court grant the Commissioner's motion for summary judgment [docket entry 10] and deny plaintiff's motion for summary judgment [docket entry 8].  Since the Court has reviewed this matter *de novo* pursuant to Fed. R. Civ. P. 72(b)(3), and finds that the magistrate judge's recitation of the underlying facts is accurate, the Court will adopt his summary of the factual record as it appears on pages 7 through 10 of the R&R.

**II.    Facts**

      Plaintiff seeks judicial review of the Commissioner's decision denying her application

for disability insurance benefits. Plaintiff applied for benefits on August 7, 2008, claiming disability resulting from fibromyalgia and various back disorders as of July 25, 2006. The application was denied on October 17, 2008 and plaintiff subsequently filed a timely notice for a hearing. On April 28, 2010, a hearing was held before an Administrative Law Judge ("ALJ"), during which plaintiff was represented by counsel. The ALJ found that claimant was not "disabled" within the meaning of the Social Security Act.

Thereafter, plaintiff appealed the ALJ's unfavorable determination to the Appeals Council, which denied her request for review. Plaintiff then filed the instant complaint for judicial review of the denial of benefits.

### III.     Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) *quoting* Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). As a result, this Court may not reverse the Commissioner's decision merely because it disagrees or "because there exists in the record substantial evidence to support a different conclusion." McClanaham v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006) *quoting* Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the

Commissioner may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994).

**IV.** <u>Analysis</u>

On appeal, plaintiff maintains that: 1) the ALJ erred by neglecting to specify the weight he accorded to the opinion of plaintiff's treating source; and 2) the magistrate judge improperly concluded that the record contained no medical evidence of fibromyalgia.

Although it appears that the ALJ failed to provide any reasons for discounting the opinion of plaintiff's treating physician, this error is harmless. See Friend v. Comm'r of Soc. Sec., 375 F. App'x 543, 551 (6th Cir. 2010). Notwithstanding his diagnostic impression that plaintiff suffered from fibromyalgia, the treating physician's notes contain no conclusive diagnosis of the condition. Moreover, his impression seems to be substantially based upon the self-reporting of plaintiff's medical history. See McCommons v. Comm'r Soc. Sec., No. 10-14992, 2012 U.S. Dist. LEXIS 77291, at *38-39 (E.D. Mich. Mar. 13, 2012) *adopted by* 2012 U.S. Dist. LEXIS 76948 (E.D. Mich., June 4, 2012) (stating that ALJ's failure to provide good reason for rejecting treating source's opinion constitutes harmless error where medical notes "contain[ ] no diagnosis whatsoever"); Walton v. Comm'r of Soc. Sec., No. 08-13273, 2009 U.S. Dist. LEXIS 82787, at *5-6, 22 (E.D. Mich. Aug. 18, 2009) *adopted by* 2009 U.S. Dist. LEXIS 81111 (E.D. Mich., Sept. 8, 2009) (diagnostic impression of multiple sclerosis is not a conclusive diagnosis of the disorder).

Based on the foregoing, the magistrate judge properly concluded that the record is devoid of any medical evidence that plaintiff suffered from fibromyalgia. See Walton, 2009 U.S. Dist. LEXIS 82787, at *5-6, 22.

Accordingly,

IT IS ORDERED that Magistrate Judge Binder's Report and Recommendation, dated March 27, 2013, is hereby accepted and adopted and the findings of the Commissioner are affirmed.

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment is granted.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

Dated: May 20, 2013                _S/ Bernard A. Friedman_____
       Detroit, Michigan              BERNARD A. FRIEDMAN
                                      SENIOR UNITED STATES DISTRICT JUDGE